STATE OF MAINE                                    BUSINESS & CONSUMER COURT
CUMBERLAND, ss.                                   DOCKET NO. BCD-CV-19-47

THOMAS NAYMIE and SALLY              )
NAYMIE,                                              )
                                                          )
            Plaintiffs,                              )
                                                          )          ORDER DENYING REQUESTS FOR
      v.                                                )          FINDINGS OF FACT AND
                                                          )          CONCLUSIONS OF LAW BASED ON
MARIA DAIGLE and YVETTE              )          THE STIPULATED RECORD
DAIGLE,                                              )
                                                          )
            Defendants.                            )


This case involves disputes regarding application of the Paper Streets Act, 23 M.R.S. § 3027, 3031-3035 (2012); 33 M.R.S. 460, 469-A (2020), and disputes regarding interpretation of easement language in deeds, pertaining to properties owned by the parties near the ocean in York, Maine. In November 2019, the parties proposed briefing the issues based on a stipulated record, rather than using the summary judgment process. The theory was that some or all of the issues were amenable to final decision without further factual development, and that a decision on some or all of the issues would obviate the need for trial, or serve to narrow trial issues. The Court accepted the proposal, and established a briefing schedule. In due course, the parties submitted a stipulated record consisting mostly of deeds, subdivision plans, and certain public pronouncements. The matter was fully briefed as of February 21, 2020, and now awaits decision. For the reasons discussed below, however, the Court determines it is unable to decide the issues without further factual development, and therefore declines to make findings of fact and conclusions of law based on the stipulated record.

1

ANALYSIS

The parties argue that the "foundational issue" in this case is whether the Paper Streets Act applies to proposed, unaccepted ways abutting the lots owned by Maria Daigle and Yvette Daigle (the "Daigles"). In general, applicability of the Paper Streets Act is grounded in large part on whether lots are depicted on (or reference) recorded subdivision plans, or possibly, in the alternative, are part of a common scheme of development. *See, e.g. Fissmer v. Smith*, 2019 ME 130, ¶¶ 21-31, 214 A.3d 1054; *Tisdale v. Buch*, 2013 ME 95, ¶¶ 12 & 13, 81 A.3d 377. The analysis is highly fact specific, *see Fissmer,* 2019 ME 130, ¶ 15 ("the trial court made scores of factual findings"), and very technical, *see id.* at ¶ 4. And while deeds and subdivision plans are essential components of the analysis, context and history are sometimes necessary to interpret the deeds and subdivision plans. *See id., ¶¶* 2-13; *Tisdale*, 2013 ME 95, ¶¶ 2-7.

In this case, development in the subject area is depicted in subdivision plans dated 1936, 1947, 1951, and 1961. Three of the subdivision plans were recorded. The plans (recorded and unrecorded) appear to show some commonality, but the stipulated record does not describe whether or how the plans relate to each other or to the lots in question. Further, there are multiple deeds to consider, not just those of the parties to this case, but those of other abutters to the various ways being disputed. The stipulated record contains few facts regarding present past or historic use. At this stage of the proceeding the Court is not making a determination that the operative language in the deeds is ambiguous or unambiguous, since the record does not contain sufficient information with which to even interpret an unambiguous deed. The stipulated record also fails to establish whether and how the disputed ways connect to other roads, and how foot and vehicular traffic flow in the area. The Court is reluctant to decide important issues involving applicability of

2

the Paper Streets Act, or to interpret language contained in deeds, without having a more developed factual record.

A couple of examples will illustrate the difficulty of attempting to decide the issues presented on the stipulated record. The Court discusses the examples without intentionally or unintentionally making any findings of fact. To the extent "facts" are discussed, the "facts" are mentioned only for illustrative purposes.

Plaintiffs Thomas and Sally Naymie (the "Naymies") argue that "[t]here is no factual dispute that the Daigles' lots, which abut Hillside Ave., were not created as part of the subdivision that created the Naymie lot." But the 1961 recorded subdivision plan appears to depict both the Daigles' lots and the Naymies' lots. Nevertheless, the deeds in the chain of title to the Daigles lots don't appear to mention the 1961 subdivision plan, and appear to only mention Hillside Ave. in a limited fashion. This is not necessarily an issue of ambiguity within the deeds, but the relationship (if any) between the deeds and the 1961 subdivision plan.

The Daigles argue that pursuant to 33 M.R.S. § 469-A(1), they own the entire portion of Hillside Ave. abutting their lot (and not just to the centerline). The Daigles argue the exception to the centerline rule "which is key to this case, is that the owner of a lot abutting a subdivision road owns the entire road when the land abutting the other side of the way is not part of the recorded subdivision plan." 33 M.R.S. § 469-A(6-A). The Daigles argue that in this case, Hillside Ave. is bounded on the other side by land that is not included in the 1961 subdivision plan (with the exception of Lot 71). However, inspection of the 1961 subdivision plan shows the presence of lots (in addition to Lot 71) opposite the Daigles' lot. Further, the lots on the opposite side of Hillside Ave. are shown on the recorded 1936 subdivision plan, and on the unrecorded 1951 subdivision plan. The stipulated record is silent on the significance, if any, of the various subdivision plans or

3

of the lots on the opposite side of Hillside Ave.  Expert or other testimony could possible shed light on these issues.

## CONCLUSION

The Court has spent considerable time reviewing the stipulated record and the briefs submitted by the parties.[1]  However, for the reasons briefly discussed above, the Court is unable to decide the Paper Streets and deed interpretation issues based on the limited stipulated record. A more complete factual record needs to be developed through trial.  The parties' requests for findings of fact and conclusions of law based upon a stipulated record are Denied.

SO ORDERED.

Pursuant to M.R. Civ. P. 79(a), the Clerk is instructed to incorporate this Order by reference on the docket for this case.

Dated:\_\_**April 10, 2020**\_\_\_\_          _____**s/**_____
                                         Michael A. Duddy
                                         Judge, Business and Consumer Court

---

[1] The Court appreciates the effort counsel have made in compiling the stipulated record and filing briefs.  The effort, however, will not be wasted, as the stipulated record could be admitted as a joint exhibit at trial, and the briefs could serve as attachments to the joint final pretrial statement.

**Thomas and Sally Naymie**

**v.**

Maria and Yvette Daigle

| | |
|---|---|
| **Thomas and Sally Naymie** | Gregory Orso, Esq.<br>Orso Law, PA<br>18B York Street<br>York, ME 03909 |
| Maria and Yvette Daigle | Patrick Bedard, Esq.<br>Law Office of Bedard & Bobrow<br>9 Bradstreet Lane<br>PO Box 366 Eliot, ME 03903 |